UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  S2-4:22 CR 229-11 JAR (JMB) |
| | ) |
| EDWARD HOPKINS, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Currently before the Court is Defendant Edward Hopkins' Motion to Sever. [ECF No. 635] The government opposes the motion. Pretrial motions were referred to the undersigned United States Magistrate Judge. See 28 U.S.C. § 636(b).

**INTRODUCTION AND PROCEDURAL BACKGROUND**

The second superseding indictment in this matter charges twelve defendants with a variety of offenses, including drug trafficking, firearms, witnesses tampering, and money laundering. Although the indictment alleges some twenty-two offenses, Hopkins is charged in Count Sixteen only, which alleges a conspiracy to tamper with a witness.

On December 18, 2023, Hopkins filed the instant motion to sever. On January 12, 2024, the government filed a response in opposition to the motion. Hopkins' counsel requested oral argument. Accordingly, on February 7, 2024, held a hearing on the motion. Hopkins was present with his attorney, Timothy Smith. The government was represented by Assistant United States Attorney Jennifer Szczucinski.

Based on the record made at the February 7th hearing, having fully considered the parties'

arguments and written submissions, the undersigned makes the following conclusions of law and recommendation. Any necessary findings of fact are included in the discussion that follows.

## DISCUSSION, CONCLUSIONS OF LAW, AND RECOMMENDATION

Hopkins asks the Court to sever the trial of the charge against him from the trials of his co-defendants. Hopkins notes that he is only charged in Count Sixteen, which involves alleged witness tampering, while his co-defendants are charged with drug trafficking, weapons, and other offenses. Broadly speaking, Hopkins makes three arguments in support of his motion to sever. First, he contends that there are serious Bruton[1] concerns. Second, he contends that there is a risk of prejudice due to potentially antagonistic defenses. Third, he argues a jury would not be able to compartmentalize the evidence, and the evidence that only applies against his co-defendants will spillover and be used to convict him unfairly.

The government counters that Hopkins' concerns are generally speculative and premature at this point.

Before addressing Hopkins' specific arguments concerning severance, the undersigned will address the legal standards for joinder of offenses.

The Federal Rules of Criminal Procedure permit separate offenses to be joined together for trial in a single indictment if those offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "If the joinder of offenses … in an indictment … appears to prejudice a defendant … the court may order separate trials of counts … or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Rule 14 leaves the determination of risk of prejudice and any

---

[1] Bruton v. United States, 391 U.S. 123 (1968), addresses confrontation issues that can sometimes arise in joint trials.

remedy that may be necessary to the sound discretion of the district courts." Zafiro v. United States, 506 U.S. 534, 541 (1993).  The rules regarding joinder and severance "are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" Id. at 540 (quoting Bruton v. United States, 391 U.S. 123, 131 n.6 (1968)).

The Eighth Circuit has explained that these rules should be construed liberally in favor of joinder.  See United States v. Johnson, 462 F.3d 815, 821 (8th Cir. 2006), cert. denied, 549 U.S. 1298 (2007); United States v. Moyer, 313 F.3d 1082, 1085 (8th Cir. 2002).  "'Only in an unusual case … will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder.'"  United States v. Huggans, 650 F.3d 1210, 1221 (8th Cir. 2011) (quoting United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008)), cert. denied, 565 U.S. 1202 (2012).  Thus, for example, prejudice may be shown where "'the jury might use evidence of one crime to infer guilt on the other [crime] or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately.'" Id. (quoting United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996)).  See also United States v. Reynolds, 720 F.3d 665, 669 (8th Cir. 2013) ("Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal.") (citation and internal quotations omitted).  On the other hand, the joinder of offenses for trial is proper when evidence regarding one crime is probative and admissible regarding another crime, such as, for example, under Fed. R. Evid. 404(b).  Id. ("[A] defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial for the other crime.") (quoting Davis, 103 F.3d at 676).  See also United States v. Brown, 653 F.3d 656, 662 (8th Cir. 2011);

United States v. Taken Alive, 513 F.3d 899, 903 (8th Cir. 2008).[2]  Finally, in many cases, the possibility of prejudice to a defendant from the joinder of counts is alleviated by instructions directing the jury to consider each count and related evidence separately.  See United States v. Lawson, 173 F.3d 666, 671 (8th Cir. 1999).

Hopkins does not contend that Count Sixteen is not properly joined in the Second Superseding Indictment.  The undersigned finds, therefore, that Count Sixteen (the sole count naming Hopkins) is properly joined to the remaining counts in the Indictment.

Turning to the question of whether Hopkins' trial should be severed from the trial of his co-defendants, our Court must start with the general premise that severance of defendants is not lightly granted.  "There is a preference in the federal system for joint trials of defendants who are indicted together."  Zafiro, 506 U.S. at 537; see also United States v. Lane, 474 U.S. 438, 449 (1986) (explaining that joint trials also conserve resources and reduce inconveniences).  "When [as here] defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome."  United States v. Casteel, 663 F.3d 1013, 1019 (8th Cir. 2011) (quoting United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)), cert. denied, 565 U.S. 1275 (2012).  "It has long been the rule that severance is warranted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"  United States v. Ali, 799 F.3d 1008, 1023 (8th Cir. 2015) (quoting Zafiro, 506 U.S. at 539).  Thus, "[a] court will permit severance only 'upon a showing of real prejudice to an individual defendant.'"  United States v. Payton, 636 F.3d 1027,

---

[2] The undersigned United States Magistrate Judge is mindful, of course, that the ultimate determination regarding the admissibility of evidence is strictly for the trial judge.

4

1037 (8th Cir.) (quoting United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010)), cert. denied, 565 U.S. 922 (2011). See also Casteel, 663 F.3d at 1018 (explaining that the presumption favoring joint trials "'can only be overcome if the prejudice is severe or compelling'") (quoting Lewis, 557 F.3d at 609). "The defendant carries a heavy burden in making this showing." United States v. Swinney, 970 F.2d 494, 500 (8th Cir. 1992); see also Sandstrom, 594 F.3d at 644 (quoting same).

When assessing severance issues in the pretrial context, the Court is often asked to make predictive assessments without the benefit of knowing more details regarding the actual evidence and witnesses to be used against any co-defendant. At the present time, the Court does not know which co-defendants may proceed to trial, and on which counts. Thus, Hopkins and the Court are left to speculate as to the implications to his defense.

One of Hopkins' arguments is that his defense may be antagonistic to his co-defendants' defenses, and that he had a minor or unwitting role in the conspiracy alleged. For example, in his motion, Hopkins notes that he may be able to demonstrate a lack of intent.[3] But he has not shown beyond speculation how the evidence against his co-defendants may spill over against him in any unfair way. The mere possibility for prejudice is not enough to justify severance—even in an extensive drug trafficking case as alleged in this matter. Hopkins does not show sufficient prejudice warranting severance simply because he might have a better chance of an acquittal if tried separately. See Zafiro, 506 U.S. at 540 ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."); see also Sandstrom, 594 F.3d at 644. Likewise, "[t]he mere fact that evidence is admitted as to one

---

[3] More specifically, in his motion, Hopkins alleges that "[his] defense may produce evidence that he engaged in activities with co-defendants, not knowing that the illegal act of intimidation, and/or hinderance was [his co-defendants'] ultimate goal."

5

defendant that would not be admissible as to [another defendant] does not constitute prejudice" necessarily requiring severance. United States v. McDougal, 137 F.3d 547, 556 (8th Cir. 1998) (citing United States v. Helmel, 769 F.2d 1306, 1322 (8th Cir. 1985)). Rather, "'[t]he Supreme Court has made it clear that the risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions ….'" Casteel, 663 F.3d at 1019 (quoting United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996)). The Eighth Circuit has developed instructions for just this situation. See, e.g., Eighth Circuit Model Criminal Jury Instruction Nos. 2.14 (evidence admitted against only one co-defendant), 2.15 (statement of one co-defendant not to be used against another co-defendant), and 3.08 (requirement to give separate consideration to evidence regarding each co-defendant) (2014). There is no reason to conclude that a jury in this case would be unable to compartmentalize the evidence in view of standard jury instructions that are frequently used in complex conspiracy cases. In sum, Hopkins has not demonstrated that severance is warranted in this matter due to his de minimis or unwitting role relative to his co-defendants. On the present record, the well-accepted advantages of a joint trial exceed any speculative risk of prejudice.

Hopkins also argues that Confrontation Clause concerns justify severance. In Bruton v. United States, the Supreme Court addressed the potential collision between joint defendants' Sixth Amendment right of confrontation, and their Fifth Amendment right not to be made witnesses against themselves. See United States v. Ortiz, 315 F.3d 873, 899 (8th Cir. 2002). "In Bruton, the Supreme Court held that 'a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant.'" Ali, 799 F.3d at 1024-25 (quoting Richardson v. Marsh, 481 U.S. 200, 201-02 (1987)). The Bruton rule does not apply if the co-defendant's confession does not incriminate the

6

defendant directly or when considered in view of other evidence in the case.  Id. at 1025 (citation omitted).  "Moreover, 'the Supreme Court cases have held that Bruton is not violated if the non-testifying defendant's statement only inculpates a codefendant inferentially—through linkage to other evidence.'"  Id. (quoting United States v. Coleman, 349 F.3d 1077, 1085 (8th Cir. 2003)).  See also Richardson, 481 U.S. at 208.  The Supreme Court has also made clear that potential Bruton issues "may be avoided through redaction if a cautionary jury instruction is given, if the redactions are neutral, and if they do not obviously directly refer to the defendant."  Coleman, 349 F.3d at 1085 (citing Gray v. Maryland, 523 U.S. 185, 196 (1998)).

Hopkins has not identified any specific statements of any co-defendant that might pose potential Bruton or other Confrontation Clause concerns.  Without any specific information, it is not presently possible to determine whether severance is necessary.  Therefore, the undersigned recommends that his motion to sever be denied to the extent it rests on speculation that a Bruton issue may arise.

In summary, at present Hopkins cannot currently identify any concrete risk of severe prejudice arising from a joint trial with any co-defendants.  Because the relevant circumstances could change closer to trial, and Defendant might be able to identify more specific issues, the undersigned recommends that the Court deny his motion to sever without prejudice.

## RECOMMENDATION

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Court DENY Hopkins' Motion to Sever without prejudice [ECF No. 635].

The parties are advised that they have fourteen (14) days in which to file written objections to the foregoing Report and Recommendation unless an extension of time for good cause is

obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by a District Court Judge. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990). See also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

Pretrial proceedings in this matter have concluded. This matter is set for trial on Monday, April 22, 2024, before the Honorable John A. Ross, Senior United States District Judge.

JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this   12th   Day of  February , 2024.